IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF FRANCES B. FINEMAN, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued May 16, 1949—Decided May 26, 1949.

Before Judges McGEEHAN, DONGES and COLIE.

*Mr. Harry Miller* (*Mr. Saul C. Gorson,* attorney) argued the cause for the appellants Bessie B. Krasney and Emanuel M. Biron.

*Mr. Irvin M. Lichtenstein* argued the cause for the respondents Matthew S. Biron, executor, American Civil Liberties Union, Inc., Jewish National Fund, Inc., and Mount Sinai Hospital Research Fund, Inc.

*Mr. Norman Heine* argued the cause for the respondent Histradrut Haovdin (General Federation of Jewish Labor in Palestine).

The opinion of the court was delivered by

McGEEHAN, S. J. A. D. This appeal is from a judgment of the Camden County Orphans' Court, entered on February 27, 1918, affirming an order of the Camden County Surrogate which admitted to probate a paper writing as the last will and testament of Frances B. Fineman. The appellants argue that the court below erred in the exclusion of certain evidence.

Since the will has a legally perfect attestation clause, appellants sought to negative its averments in some essential particular. *Darnell v. Buzby,* 50 *N. J. Eq.* 725; affirmed, o. b., 52 *N. J. Eq.* 337 (*E. & A.* 1894). A witness to the will, on direct examination, had merely identified his signature and the several signatures of the testatrix. On cross-examination he was asked: "Tell the court, if you will, the circumstances under which you came to sign your name as a witness to this will." Objection was made on the ground that it was not within the scope of the direct examination. The court ruled, "I will sustain the objection to the form of the present question." Thereafter, the same witness was asked: "Were there any conversations between you and the testatrix or between the testatrix and Miss Galerman at the time you signed the will as a witness, and she signed it?" (Miss Galerman was the other witness to the will.) Objection was made that it was not within the scope of the direct examination and, further, that it violated the hearsay rule. The court sustained the objection on the latter ground.

■■ Unless the circumstances surrounding the execution of a will can be introduced in evidence, it would be impossible to show failure to comply with the statutory requirements for

execution in any case in which the will has a legally perfect attestation clause. We think both questions were proper and that the court erred in overruling them. The first question was relevant and material to the issue and was proper in form. The second question was also relevant and material to the issue and called for a simple response, either affirmative or negative. No hearsay was involved because it called for an answer based upon the personal knowledge of the witness. 2 *Wigmore on Evidence* (*3rd ed.*), § 657. The error was not cured by any other testimony given by the witness (*Finkelstein v. Geismar*, 91 *N. J. L.* 46 (*Sup. Ct.* 1917)), nor was it cured by evidence later given by another witness, as in *Coombs v. Witte*, 104 *N. J. L.* 519 (*E. & A.* 1928).

We are mindful of the provisions of *R. S.* 2:27–363: "A judgment shall not be reversed for * * * the improper admission or exclusion of evidence * * * unless, after examination of the whole case, it appears that the error injuriously affected the substantial rights of a party," and the similar provision in *Rule* 1:2–20(b). We find in this case that the error complained of injuriously affected the substantial rights of appellant.

The judgment is reversed and a new hearing before the County Court is granted.